United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50597
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

STEVE LEAMBROSE HAYWARD

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-83-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Stevie Leambrose Hayward appeals his 24-month sentence imposed following the revocation of his supervised release. Hayward contends that the district court's decision to upwardly depart from the applicable guidelines range of 8 to 14 months and the extent of the departure were unreasonable. Hayward also contends that the district court provided inadequate justification for imposing a sentence outside the recommended guidelines range and that his sentence was therefore unreasonable.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The sentence imposed in Hayward's case, while in excess of the range indicated by the policy statement, was within the statutory maximum term of imprisonment. See 18 U.S.C. § 3583(e)(3). Hayward has not shown that his 24-month sentence was either unreasonable or plainly unreasonable. See United States v. Hinson, 429 F.3d 114, 119-20 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).

Further, the record demonstrates that the district court considered the relevant 18 U.S.C. § 3553(a) sentencing factors. The district court reviewed the allegations against Hayward, heard the factual basis for Hayward's violations of supervised release, and was aware that Hayward had continued to commit credit card fraud while on supervised release. The nature and circumstances of Hayward's offenses; his criminal history and characteristics; and the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to protect the public from further crimes by Hayward are all factors a court must consider under § 3553(a). The record thus demonstrates that the district court considered the relevant sentencing factors and articulated sufficient reasons to support the sentence. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

AFFIRMED.